1

2

3

4

5            UNITED STATES DISTRICT COURT

6           EASTERN DISTRICT OF WASHINGTON

7 | NATALIE LYNN W.,

|                        | NO. 2:21-CV-0231-TOR

8 |              Plaintiff,

| | ORDER GRANTING DEFENDANT'S

9 |     v. | MOTION FOR SUMMARY JUDGMENT

10 | COMMISSIONER OF SOCIAL

| SECURITY,

11 |              Defendant.

12

13       BEFORE THE COURT are the parties' cross-motions for summary

14 judgment (ECF Nos. 13, 14). This matter was submitted for consideration without

15 oral argument. The Court has reviewed the administrative record, the parties'

16 briefing, and is fully informed. For the reasons discussed below, the Court

17 **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

18                      **JURISDICTION**

19       The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: The Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded by regulation on other grounds*.  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An "error is harmless where it is 'inconsequential to the

ultimate nondisability determination.'" *Id.* at 1115 (citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity" ("RFC"). RFC, defined generally as the claimant's ability to perform physical and mental work activities on a sustained

basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 10, 2019, Plaintiff filed applications for Title II period of disability and disability insurance benefits and Title XVI supplemental security income. Tr. 189-207. The applications were denied initially, Tr. 51-74, and on reconsideration. Tr. 75-100. On March 31, 2021, Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ"). Tr. 32-50. On April 16, 2021, the ALJ denied Plaintiff's claims. Tr. 12-31.

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 1, 2019, the alleged onset date. Tr. 17. At step two, the ALJ found Plaintiff had the following severe impairments: atrial fibrillation, seizure disorder, hypothyroidism, and morbid obesity. Tr. 18. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then found Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] can occasionally perform postural activities with the exception of no climbing of ladders, ropes or scaffolds and no kneeling, crouching or crawling, avoid concentrated exposure to respiratory irritants and extreme cold, avoid all exposure to hazards such as unprotected heights and dangerous moving machinery.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 24. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform such as marker, routing clerk, and router. Tr. 24-25. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from May 1, 2019 through April 16, 2021, the date of the ALJ's decision. Tr. 25-26.

On July 12, 2021, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability insurance benefits and supplemental security income benefits under Title II and Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1.  Whether the ALJ properly evaluated Plaintiff's symptom testimony; and

2.  Whether the ALJ properly evaluated the medical opinion evidence; and

3.  Whether the ALJ properly evaluated Plaintiff's mental impairments.

ECF No. 13 at 13, 16.

## DISCUSSION

### A.  Step Two

Plaintiff asserts the ALJ erred by concluding her mental impairments are non-severe.  ECF No. 13 at 16.

At step two of the sequential evaluation process, the ALJ considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Step two is "a de minimis screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

In evaluating a claimant's mental impairments, an ALJ follows a special two-step psychiatric review technique.  20 C.F.R. §§ 404.1520a, 416.920a.  First, the ALJ must determine whether there is a medically determinable impairment.  20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1).  If the ALJ determines an impairment exists, the ALJ must rate the degree of functional limitation resulting from the impairment in the following four broad functional categories: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself.  20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).  If the ALJ rates the degree of limitation as "none" or "mild," the ALJ will generally conclude the impairment is not severe.  20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).  As to the first step, the impairment must be shown by objective medical evidence such as medically acceptable clinical or laboratory diagnostic techniques; a claimant's statement regarding symptoms, a diagnosis, or medical opinion is insufficient to establish the existence of an impairment.  20 C.F.R. §§ 404.1521, 416.921.

The ALJ found Plaintiff's medically determinable mental impairments of adjustment disorder and anxiety, considered singly and in combination, did not cause more than a minimal limitation in Plaintiff's ability to perform basic mental work activities and are therefore non-severe.  Tr. 18.  The ALJ found Plaintiff had no limitations in the first, second, and fourth functional areas and had a mild

limitation in the third functional area.  Tr. 19.  The ALJ noted Plaintiff does not seek mental health treatment and that her mental status examinations are largely unremarkable.  Tr. 18 (citations to the record omitted).  Instead of seeking mental health treatment, Plaintiff stated she "talks to [her] friend on Facebook."  *Id.*  Finally, the ALJ noted the DDS psychologists also opined that the mental health impairments are non-severe.  *Id.*

Plaintiff disagrees that her mental impairments are non-severe based on her own statements and Dr. Arnold's opinion.  ECF No. 13 at 16.  Plaintiff's own statements regarding her symptoms are insufficient to establish the existence of any impairment.  20 C.F.R. §§ 404.1521, 416.921.  Moreover, as discussed *infra*, the ALJ reasonably discounted Dr. Arnold's opinion.  Even considering this evidence, where evidence "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina*, 674 F.3d at 1111.  The ALJ's finding at step-two is supported by substantial evidence.

In any event, step-two was decided in Plaintiff's favor and Plaintiff has not pointed to any evidence that functional limitations would have impacted the ALJ's analysis at step five.  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  The Court finds that the ALJ did not err at step two.

//

### B. Plaintiff's Symptom Testimony

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to discredit her symptom testimony.  ECF No. 13 at 13-17.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.

1  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

2  *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

3  explain why he or she discounted claimant's symptom claims).  "The clear and

4  convincing standard is the most demanding required in Social Security cases."

5  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r*

6  *of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

7       Factors to be considered in evaluating the intensity, persistence, and limiting

8  effects of a claimant's symptoms include: (1) daily activities; (2) the location,

9  duration, frequency, and intensity of pain or other symptoms; (3) factors that

10  precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and

11  side effects of any medication an individual takes or has taken to alleviate pain or

12  other symptoms; (5) treatment, other than medication, an individual receives or has

13  received for relief of pain or other symptoms; (6) any measures other than

14  treatment an individual uses or has used to relieve pain or other symptoms; and (7)

15  any other factors concerning an individual's functional limitations and restrictions

16  due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R.

17  §§ 416.929(c)(3), 416.929(c)(3).  The ALJ is instructed to "consider all of the

18  evidence in an individual's record," "to determine how symptoms limit ability to

19  perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

20

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence.  Tr. 21.

### 1.  Objective Medical Evidence

The ALJ found Plaintiff's symptom complaints inconsistent with the objective medical evidence in the record.  Tr. 21.  An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 856-857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).

The ALJ found Plaintiff's heart condition largely benign with EKG demonstrating normal sinus rhythm and Holter monitor demonstrating only occasional premature atrial contractions with occasional periods of atrial bigeminy, rare premature ventricular contractions, and no atrial fibrillation, significant pauses

or sustained arrhythmias.  Tr. 21 (citations to the record omitted).  While Plaintiff

reported weakness and fatigue, the ALJ noted few exams showed Plaintiff as "tired

appearing."  *Id.*  While Plaintiff reported numbness, the ALJ found NCS/EMG

testing was entirely normal, and the majority of exams shows intact sensation.  Tr.

22 (citations to the record omitted).  While Plaintiff alleges frequent diarrhea, the

ALJ found the treatment records demonstrate it is not significantly limiting.  *Id.*

(citation to the record omitted).  Overall, the ALJ found Plaintiff consistently

presented as alert and oriented, in no acute distress, with normal strength, normal

sensation, no edema, no tremors, no tenderness, normal DTRs, normal reflexes,

normal gait, and normal coordination.  Tr. 21 (citations to the record omitted).

The ALJ reasonably concluded the objective medical evidence was

inconsistent with Plaintiff's allegations of disabling conditions.  This finding is

supported by substantial evidence.  While a different interpretation could be made

based on some of the objective medical evidence, the ALJ articulated several other

supported grounds for discounting Plaintiff's reported symptoms.  *See Carmickle*,

533 F.3d 1155, 1163 (9th Cir. 2008)

### 2. *Medical Opinions*

Medical opinions may be used to evaluate the consistency of symptom

testimony.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  First, the ALJ noted the

that DDS physical medical consultants opined Plaintiff is capable of performing

light to medium level work.  Tr. 21.  Second, the ALJ relied on the opinion of Dr.

Jerry Seligman, who testified that Plaintiff's atrial fibrillation, seizure, and

hypothyroid are largely controlled and that Plaintiff is capable of performing

essentially light level work consistent with the outlined RFC.  *Id.*

Plaintiff vaguely argues that "what is not consistent would be the opinions of

nonexamining, nontreating doctors who testified as a medical expert at the hearing

[i.e., Dr. Seligman].  Their opinions are contrary to the objective finding and

contrary to the opinions of the treating practitioners."  ECF No. 13 at 16.  The ALJ

properly assessed the opinion of Dr. Seligman, as discussed *infra*.  The ALJ's

finding is supported by substantial evidence.

### 3.  *Unchallenged Findings*

The Court notes the ALJ relied on other reasons to discount Plaintiff's

subjective symptom testimony that Plaintiff does not challenge in her opening

brief.  *See* ECF No. 13.

A claimant's course of treatment is a relevant factor in determining the

severity of symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  First, the ALJ

found the treatment records demonstrated that medication controls Plaintiff's

seizures (last seizure in 2016), atrial fibrillation (mild findings), and

hypothyroidism (stabilizing).  Tr. 21 (citations to the record omitted).

Additionally, when asked if she received treatment for her mental health

conditions, Plaintiff admitted she does not seek treatment but that she talks with a friend on Facebook.  Tr. 18.  The ALJ's unchallenged findings based on Plaintiff's course of treatment are supported by substantial evidence.

Moreover, daily activities are another relevant factor in determining the severity of symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  While Plaintiff testified she could walk no more than 25 feet, the ALJ noted that she is able to walk to and from physical therapy.  Tr. 22 (citation to the record omitted).  Plaintiff has also reported being able to go shopping, do household chores, and perform her home exercise program.  *Id.* (citations to the record omitted).  This unchallenged finding is supported by substantial evidence.

The ALJ's finding that Plaintiff's symptom testimony conflicted with the evidence in a multitude of ways was properly supported by substantial evidence.

## C.  Medical Opinions

Plaintiff summarily challenges the ALJ's evaluation of the opinions of Dr. Cox, Dr. Arnold, and Ms. Sanders.  ECF No. 13 at 17.  Plaintiff does not challenge, and the Court declines to address, the opinions of Drs. Platter, Stevick, Forsyth, Gollogly, and Nievera.  *Carmickle*, 533 F.3d at 1161, n.2.  The Court will review the opinion of Dr. Seligman, but notes that Plaintiff makes no specific challenge to the opinion other than making the distinction that Dr. Seligman is a

non-examining and non-treating doctor, an argument that appears to be based on outdated regulations.  ECF No. 13 at 17.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. §§ 404.1520c, 416.920c(c); *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff filed her Title II and XVI claims after March 27, 2017.  *See* Tr. 22-24.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)."  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68 (codified at 20 C.F.R. pts. 404 & 416). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other

evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence." *Id.*

1. *Lylanya Cox, M.D.*

The ALJ found Dr. Cox's opinions unpersuasive. Tr. 23. The ALJ found the check box form opinions provided no meaningful explanation and are internally inconsistent. *Id.* Although Dr. Cox reported that Plaintiff is limited to sedentary work but stated on another report from the same date that Plaintiff is unable to work. *Id.* (citations to the record omitted). The ALJ also found while Dr. Cox listed Plaintiff as having marked limitations due to atrial fibrillation and Grave's disease, the records showing both conditions are well controlled with treatment. *Id.* The ALJ found one report involves an issue reserved to the Commissioner. *Id.* at 23-24 (citing March 11, 2021 opinion that only states "Plaintiff is unable to work"). Finally, the ALJ found Dr. Cox's opinions inconsistent with the opinions of the DDS physicians and Dr. Seligman, opinions that Plaintiff does not specifically challenge. *Id.* The ALJ compared the opinions to Dr. Seligman, who the ALJ found to be more persuasive. *Id.* The ALJ's assessment of this opinion is supported by substantial evidence.

2.  *John Arnold, Ph.D.*

The ALJ found Dr. Arnold's opinion unpersuasive.  Tr. 23.  The ALJ found the checkbox form dated May 15, 2019 contained no supporting explanation, and was unsupported by Dr. Arnold's own largely benign mental status findings.  *Id.* The ALJ also found the opinion inconsistent with Plaintiff's lack of mental health treatment and consistently benign mental status findings, as discussed *supra*.  *Id.* (citations to the record omitted).  The ALJ found the opinion inconsistent with the assessments of the DDS psychologists, whose opinions Plaintiff does not challenge, because they had the opportunity to review the record.  *Id.*  The ALJ's assessment of this opinion is supported by substantial evidence.

3.  *Lisa Sanders, PA-C*

The ALJ found Ms. Sanders' letter unpersuasive.  Tr. 22.  As the ALJ correctly noted, it is not a medical opinion as it does not state what Plaintiff can do despite her impairments nor does it specify the degree of work-related limitations related to thyroid issues.  20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).  The ALJ did not err in not assessing this letter as medical opinion evidence.

4.  *Dr. Seligman, M.D.*

The ALJ found Dr. Seligman's opinion persuasive.  Tr. 22.  In terms of supportability, the ALJ found Dr. Seligman reviewed the entire longitudinal medical record, gave a reasonable explanation of his opinion, and was available for

questioning at the hearing.  In terms of consistency, the ALJ found Dr. Seligman's

opinion consistent with the largely unremarkable imaging and exam findings and

with the DDS assessments.  *Id.* (citations to the record omitted).  The ALJ also

noted that Dr. Seligman has specialized expertise and SSA program knowledge.

The ALJ's assessment of this opinion is supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the

ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (ECF No. 14) is

   **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment

accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED June 1, 2022.



THOMAS O. RICE
United States District Judge